UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO



Jacob Eli Goodson,

*Plaintiff, Pro Se*

v.

Commonwealth of Puerto Rico,

John Doe (State Actor),

Jane Doe (State Actor),

*Defendants.*

Civil Action No.: 25-CV-1458 (MAJ)

CIVIL COMPLAINT

DEMAND FOR JURY TRIAL

INJUNCTIVE RELIEF

1

I. PARTIES

1.

Plaintiff Jacob Eli Goodson:

Resident of Comerio, Puerto Rico at HC 1 Box 4892, Comerio, PR 00782.

(725) 290 0151

JACOBELIGOODSON01@OUTLOOK.COM

2.

Defendant Commonwealth of Puerto Rico

GOVERNOR OF PUERTO RICO

54 CALLE FORTALEZA

SAN JUAN

PUERTO RICO 00901

(787)721-7000                                                                                   3.

Defendants John Doe and Jane Doe: Unidentified state actors within Puerto Rico's judiciary who engaged in discriminatory conduct.

II. JURISDICTION AND VENUE

1.

Jurisdiction: Arises under 28 U.S.C. § 1331 (federal question)

2.

Venue: Proper under 28 U.S.C. § 1391(b)(2) (events occurred in Puerto Rico).

2

## III. FACTUAL ALLEGATIONS

Systematic Language Discrimination

1.

Court of First Instance (Comerio, Case No. CR2024CV00153):

- All, filings, and orders provided to Plaintiff *exclusively in Spanish* despite Plaintiff's requests for English language assistance. (Provided after Subpoena fulfilled)

- Clerk's derogatory remark ("gringo") targeting Plaintiff's national origin.

- Destruction of Plaintiff's evidence and denial of English motions. (Provided after Subpoena fulfilled)

- Perjured testimony by the presiding judge. (Provided after Subpoena fulfilled)

2.

Court of Appeals (KLAN 202401079):

-

Motions citing 1 L.P.R. §§ 59, 59a, 59b and 42 U.S.C. § 2000d informing court of translation obligations denied without review ("no place") (Ex. 104,105)

- Records requests ignored (Ex. 201–203), (Ex. 301-302).

3. Supreme Court of Puerto Rico (CC-2025-0200):

- English-language petition for certiorari denied despite compliance with rules (Ex. 108).

- Refusal to command lower courts to produce records. (Ex. 108)

Legal Obligations Violated

1. Puerto Rico Law:

- 1 L.P.R. §§ 59, 59a, 59b: Mandate bilingual access in all government proceedings.

- P.R. Laws Tit. 1 § 8.7: Requires courts to provide translations when necessary for "fair adjudication." Translation from English not required.

4

2.

Federal Law:

- Title VI (42 U.S.C. § 2000d): Prohibits national-origin discrimination in federally funded programs (Puerto Rico courts receive "State Court Improvement Program" funds TAGGS SCIP-2023).

- First Amendment: Denial of English filings translations and records requests obstructed Plaintiff's right to petition (Ex. 201-205).

- Fourteenth Amendment: Spanish-only proceedings violated Due Process and Equal Protection (Ex. 101-108).

## IV. CAUSES OF ACTION

### COUNT I: FIRST AMENDMENT VIOLATION

1.

Denial of records requests, and English filings and translations impeded Plaintiff's right to petition for redress.

### COUNT II: FOURTEENTH AMENDMENT VIOLATIONS

1.

Due Process: Spanish-only filings and court issuances deprived Plaintiff of meaningful participation.

2.

Equal Protection: Disparate treatment based on national origin.

## COUNT III: VIOLATION OF TITLE VI (42 U.S.C. § 2000d)

1.

Defendants discriminated against Plaintiff based on national origin (language) in a federally funded program, direct evidence of national origin discrimination and discrimination that could be foreseen.

- *Lau v. Nichols*, 414 U.S. 563 (1974): Language barriers constitute national-origin discrimination.

- *Almendares v. Palmer*, 284 F. Supp. 2d 799, 806 (N.D. Ohio 2003): Foreseeable language exclusion violates Title VI.

## V. RELIEF SOUGHT

1.

Vacate Judgment: Nullify the Court of First Instance's judgment and lien against Plaintiff's residence.

2.

Compensatory Damages:

- Costs: Filing fees, translations, postage, printing. $3,000

- Lost Income: One year of lost publishing revenue in preparing and litigating cases $30,000.

- Emotional Distress: $100,000.

3.

Declaratory Relief:

- Clarification of what rights Citizens of the United States have within the Commonwealth of Puerto Rico.

- Acknowledge violations of the First Amendment, Fourteenth Amendment, and Title VI.

4.

Attorney's Fees Pro Se:

- Under 42 U.S.C. § 1988.

5.

Other Relief

- Award any other relief the Court deems just and proper.

## VI. JURY DEMAND

1.

Plaintiff demands a jury trial on all triable issues.

## CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Date: 29/08/25

*[signature]*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

Jacob Eli Goodson,

*Plaintiff, Pro Se*

v.

Commonwealth of Puerto Rico,

John Doe (State Actor),

Jane Doe (State Actor),

*Defendants.*

Civil Action No.: _____

---

## DECLARATION IN SUPPORT OF CIVIL COMPLAINT

The Declaration in Support of Civil Complaint is provided to the court by the Plaintiff.

Attached to the Declaration in Support of Civil Complaint are select pieces of evidence to support the allegations in the civil complaint. The evidence is accompanied by court certified English translations. The evidence is composed of Collection of Money Complaint Filed with the

1

Court of First Instance p. 1 (Ex. 101), Motion Requesting That Admissions Be Deemed Admitted p. 1 (Ex. 102), Judgement of the Court of First Instance p. 1 (Ex. 103), Motu Proprio Informative Pleading 1 (Ex. 104), Motu Proprio Informative Pleading 2 (Ex. 105), Judgement of the Court of Appeals p. 1 (Ex. 106), Order regarding Reconsideration in Appeals Court of Puerto Rico (ex. 107) and Judgement of the Supreme Court of Puerto Rico p. 1 (Ex. 108). Only the first page of the documents named are provided because of the high cost of translation services. Additional translation and pages will be provided as the case progresses. The cost of translating all the documents is prohibitively high, beyond $10,000.00.

"I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct."

Date of signing: 29/08/25

Signature of Plaintiff *[signature]*

Printed Name of Plaintiff Jacob Eli Goodson