**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **Jacob Eli Goodson,**<br><br>***Plaintiff*,**<br><br>**v.**<br><br>**Carmen L. Aponte-Flores, et al.,**<br><br>***Defendants*.** | Civ. No. 25-01458 (MAJ) |

**OPINION AND ORDER**

## I. Introduction

This case arises from a state court action in which plaintiff Jacob Eli Goodson ("Goodson") alleges that his civil rights were violated by state officials due to their conduct during certain court proceedings. (**ECF No. 211 at 1–2**). In 2024, a collection action was initiated in the Comerío Court of the First Instance ("CFI") against Goodson. (**ECF No. 211 at 1**).[1] In that case, according to Goodson, the state court rejected his English-language filings for lack of a Spanish translation, removed his evidence and responses from the case record, and denied him "English language assistance." (**ECF No. 211 at 1–2**). In addition, Goodson alleges that the state court clerk refused to accept his notice of appeal, that the Puerto Rico Court of Appeals ("COA") denied his request for English translations of the record and affirmed the trial court's judgment, and that the Puerto Rico Supreme Court denied his petition for certiorari. (**ECF No. 211 at 2**).

[1] The Court draws directly on facts set forth in the Report and Recommendation to the extent that Goodson does not object to those facts. *Total Petroleum P.R. Corp. v. Quintana*, 16-cv-2979, 2017 WL 3189867, at *1 (D.P.R. July 27, 2017) (noting that the District Court "may accept those parts of the report and recommendation to which the parties do not object.").

Based on those facts, Goodson brings claims under 42 U.S.C. § 1983 ("Section 1983") alleging violations of the First and Fourteenth Amendments to the United States Constitution, in addition to national-origin discrimination claims under Title VI of the Civil Rights Act, 42 U.S.C. § 2000d and conspiracy to interfere with his civil rights under 42 U.S.C. § 1985(3) against a variety of state officials, including Puerto Rico Governor Jenniffer González; Executive Director of the Office of Court Administration ("OCA") Hon. Sigfrido Steidel Figueroa; and state court clerks Aida L. Merly-García, Carmen L. Aponte-Flores, Carmen Aponte-Mercado, Elizabeth Maysonet-Flores, Grisel Márquez-Rivera, María I. Cruz-Ortíz, Yara M. Rodríguez Alicea, and María E. Salas-González (collectively, the "State Officials"). (**ECF No. 211 at 1–2**).[2] Goodson also brings claims against Jeffrey Hernández Escobar and María del Mar Villamil-Ocampo, the attorneys who represented the opposing party in the underlying state action, for negligence and legal malpractice under Article 1802 of the Puerto Rico Civil Code, and for violations of the Puerto Rico Languages Act, Law 1 of January 28, 1993, as amended, P.R. LAWS ANN. tit. 1 §§ 59a–f, the Puerto Rico Rule of Civil Procedure 8.7, P.R. LAWS ANN. tit. 32a, Ap. V, and the Puerto Rico Canons of Professional Ethics, based on their failure to furnish him English-language translations of litigation documents. (**ECF No. 211 at 2**). For these alleged harms, Plaintiff seeks millions of dollars in compensatory and punitive damages, as well as declaratory and injunctive relief. (**ECF No. 211 at 2 n.2–n.3**).

On January 16, 2026, Defendant Hernandez-Escobar moved to dismiss the claims brought against him for failure to state a claim for which relief may be granted. (**ECF No. 102**). Next, Defendant Villamil-Ocampo filed a motion to dismiss for lack of subject

---

[2] Goodson also brings a claim against Defendant Merly-García for neglecting to prevent the alleged conspiracy to interfere with his civil rights. (**ECF No. 211 at 2**).

matter jurisdiction, insufficiency of service, and failure to state a claim. (**ECF No. 172**). Shortly thereafter, State Officials moved to dismiss the Complaint for failure to state a claim. (**ECF No. 192**). On March 8, 2026, Goodson filed a Motion for Preliminary Injunction seeking to enjoin Defendants from enforcing any monetary judgment, lien, or collection action arising from the state court proceedings. (**ECF No. 138**). Each motion was referred to Magistrate Judge Giselle López-Soler for a Report and Recommendation. (**ECF No. 143**); (**ECF No. 202**).

On July 24, 2026, Magistrate Judge López-Soler ("MJ") issued the Report and Recommendation (the "R&R") recommending that the Court grant each Motion to Dismiss, deny Goodson's request for leave to amend the Complaint, deny the Motion for Preliminary Injunction, and dismiss the Complaint in its entirety. (**ECF No. 211**). Goodson timely filed an objection to the R&R.[3] (**ECF No. 220**). Upon thorough review of the record and Goodson's objections, the Court adopts the R&R in its entirety and dismisses the Complaint.

## II. Legal Standard

Defendant moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that the Complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To resolve a 12(b)(6) motion, federal courts follow a two-step method. First, the court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012). A

[3] Goodson did not object to the R&R's dismissal of his Motion for Preliminary Injunction.

complaint need not include detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Second, the court must take the remaining "well-[pleaded] . . . facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." *Schatz*, 669 F.3d at 55 (citations and quotations omitted). In addition to the well-pleaded facts presented on the face of the complaint, "the court may consider matters fairly incorporated within the [pleadings] and matters susceptible of judicial notice." *Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.*, 547 F.3d 48, 51 (1st Cir. 2008).

## III. Standard of Review

Under 28 U.S.C. § 636(b)(1), a federal district court judge may refer a dispositive motion to a magistrate judge for a report and recommendation, which the district court is free to then "accept, reject, or modify, in whole or in part." *Alamo Rodríguez v. Pfizer Pharm. Inc.*, 286 F. Supp. 2d 144, 146 (D.P.R. 2003) (quoting 28 U.S.C. § 636(b)(1)). A party who files a timely objection is entitled to a de novo determination of "'those portions of the report or specified proposed findings or recommendations to which specific objection is made.'" *Sylva v. Culebra Dive Shop*, 389 F. Supp. 2d 189, 191–92 (D.P.R. 2005). However, in cases such as this one where the Magistrate Judge "produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquent simply to hear its own words resonate." *Chen v. I.N.S.*, 87 F.3d 5, 7 (1st Cir. 1996); *Tax-Free Fixed Income Fund for Puerto Rico Residents, Inc. v. Ocean Capital LLC*, 2023 WL 5830381 (D.P.R. Sept. 8, 2023), *aff'd,* 137 F.4th 6 (1st Cir. 2025). Furthermore, "[t]he district court need not consider frivolous, conclusive, or general objections." *Rivera-García v. United*

*States*, 2008 WL 3287236, *1 (D.P.R. Aug. 7, 2008). Rule 72 "does not instruct district judges that they must explain their reasoning at all or in any degree of detail." *Santiago v. Municipality of Utuado*, 114 F.4th 25, 41 n. 15 (1st Cir. 2024).

## IV. Findings of the R&R

The R&R recommends dismissal of the Complaint, denial of leave to amend the Complaint, and denial of the Motion for Preliminary Injunction. The Court summarizes these findings in brief.

The R&R first decides that Goodson's First Amendment and Procedural Due Process claims sound in fraud because they rest on allegations that court records were intentionally manipulated or altered and that evidence was improperly excluded from his files. Because he fails to plead these actions with the particularity required by Federal Rule of Civil Procedure 9(b), the R&R recommends that these claims are dismissed. (**ECF No. 211 at 5–6**). Next, the R&R concludes that claims against all State Officials in their official capacities fail on the basis of Eleventh Amendment immunity, claims against the court clerks in their individual capacities fail because they are entitled to quasi judicial immunity, and that claims against the Governor and Executive Director of the OCA in their individual capacities fail due to Goodson's failure to adequately plead unconstitutional conduct attributable to them personally. (**ECF No. 211 at 6–7**).

The R&R concludes that Goodson's requests for retroactive injunctive relief to order clerk Marly-García to accept his appeal nunc pro tunc and vacate the CFI's judgment are squarely foreclosed by the Rooker-Feldman doctrine. (**ECF No. 211 at 8–9**). With respect to Goodson's claims for prospective injunctive and declaratory relief under Section 1983, the R&R analyzes each alleged constitutional injury in turn. First, the

R&R concludes that Goodson's First Amendment "access to courts" claim fails because he does not plausibly allege meaningful access to courts under the First Amendment. (**ECF No. 211 at 10–11**). Second, the R&R concludes that Goodson's Procedural Due Process claim fails because Rule 8.7 of the Puerto Rico Rule of Civil Procedure and the Puerto Rico Languages Act create no property interest for which he can claim deprivation. (**ECF No. 211 at 11–13**). Third, the R&R concludes that Goodson's Equal Protection Claim fails because he fails to plausibly allege any similarly situated individuals who were treated more favorably. (**ECF No. 211 at 14**). Fourth, the R&R concludes that Goodson's claim under Title VI of the Civil Rights Act fails for failure to allege federal funding of the state officials, conduct attributable to any supervisory official, and intentional discrimination. (**ECF No. 211 at 14–16**). Fifth, the R&R concludes that Goodson's conspiracy claims under 42 U.S.C. Sections 1985(3) and 1986 fail to plead a plausible claim of conspiracy. (**ECF No. 211 at 17**).

With respect to Goodson's state law claims against Hernández-Escobar and Villamil-Ocampo, the R&R concludes that these claims fail to plausibly allege that either attorney owed him any legal duty and that the Puerto Rico Supreme Court possesses exclusive authority to enforce the Rules of Professional Conduct of Puerto Rico. (**ECF No. 211 at 19–20**). The R&R also recommends denial of Goodson's Motion for Preliminary Injunction at ECF No. 138 on the grounds that his claims fail on the merits and that the requested relief is unavailable under the Rooker-Feldman doctrine. (**ECF No. 211 at 20–22**). Finally, the R&R recommends denial of Goodson's leave to file a fifth amended complaint on the grounds that such amendment would be futile. (**ECF No. 211 at 22–23**).

### V. Objections to the R&R

Goodson objects to the R&R on numerous grounds. (**ECF No. 220**). First, with respect to the Magistrate Judge's conclusion that the First and Fourteenth Amendment claims sound in fraud and that Goodson fails to allege his claims with particularity, Goodson argues that the Complaint does expressly identify the "who, what, when, [and] how" of the inchoate fraud claims sketched by the Complaint. (**ECF No. 220 at 5**). He does not object to the R&R's finding that the First and Fourteenth Amendment claims sound in fraud.

Second, Goodson objects that the State Officials are subject to claims for monetary damages in their individual capacities. With respect to the court clerks, he argues that quasi judicial immunity is inapplicable because the clerk's actions in removing evidence, obstructing his appeal, and conspiring to deprive him of civil rights do not qualify as judicially related acts. (**ECF No. 220 at 10–11**). With respect to the Governor and Executive Director of the OCA, Goodson contends that they bear supervisory responsibility and that the OCA Executive Director had direct, formal, and institutional notice of his multiple language access requests. (**ECF No. 220 at 13–14**).

Third, Goodson objects that the Rooker-Feldman doctrine cannot be applied to bar a civil rights plaintiff from seeking relief for constitutional injuries inflicted by state judicial employees, that the R&R conflates retroactive and prospective relief, and that the COA's judgment on his discrimination arguments does not merit preclusive effect under the Rooker Feldman doctrine. (**ECF No. 220 at 14–16**).

Fourth, Goodson objects that his First and Fourteenth Amendment claims are indeed viable. With respect to the First Amendment claim, Goodson argues that the actual

access to courts injury that he incurred was the obstruction of his procedural rights and submission of a spoliated record to the COA, not the ultimate success or failure of his appeal. (**ECF No. 220 at 16–17**). With respect to his Procedural Due Process claim, Goodson contends that the R&R mistakenly analyzed his constitutional injury as the denial of procedural rights, whereas the true constitutional injury he suffered was the $10,373.00 judgment rendered by the Puerto Rico courts.[4] (**ECF No. 220 at 17–18**). With respect to his Equal Protection claim, Goodson argues that the R&R failed to consider that his claim is viable under a "class of one" theory and that he adequately alleged more favorable treatment of similarly situated individuals in the form of Spanish-speaking litigants before the Comerío CFI and his own experience before the Aibonito CFI.[5] (**ECF No. 220 at 18–21**).

---

4 Although the R&R did not address this legal theory, the Court finds this objection to be frivolous. *See Rivera-García*, 2008 WL 3287236, at *1 ("The district court need not consider frivolous, conclusive, or general objections."); *United States v. Cotto-Cruz*, 2025 WL 684161, *4 (D.P.R. Mar. 4, 2025) (same). Even assuming that the $10,373.00 judgment rendered by the state court is a constitutionally protected property interest, Goodson cannot succeed on a claim for lack of procedural due process where the judgment was rendered by state court of competent jurisdiction, an appellate court considered the alleged procedural violations and upheld the decision, and the state's high court denied a petition for writ of certiorari. *See Chongris v. Bd. Of Appeals of Town of Andover*, 811 F.2d 36, 40 (1st Cir. 1987) (Where state procedures—though arguably imperfect—provide a suitable form of predeprivation hearing coupled with the availability of meaningful judicial review, the fourteenth amendment guarantee of procedural due process is not embarrassed."); *McDarby v. Dinkings*, 907 F.2d 1334, 1337 (2d Cir. 1990) ("A breach of procedural requirements does not create a due process violation unless an individual was denied a fair forum for protecting his state rights.").

5 Although the R&R did not discuss a "class of one" theory, this objection does not merit modification since such a theory is plainly unavailable to Goodson. Such a theory requires a plaintiff to show both intentional discrimination and favorable treatment of a similarly situated individual, neither of which Goodson plausibly alleges. *SBT Holdings, LLC v. Town of Westminster*, 547 F.3d 28, 34 (1st Cir. 2008) (emphasis added) ("A claim for a 'class of one' equal protection violation 'is cognizable when—and only when—a plaintiff alleges that she has been *intentionally* treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'") (quoting *Cordi-Allen v. Conlon*, 494 F.3d 245, 250 (1st Cir. 2007)); *McCoy v. Town of Pittsfield*, 59 F.4th 497, 507 (1st Cir. 2023) ("Class-of-one plaintiffs bear the burden of identifying comparators who are similarly situated in all respects relevant to the challenged government action" and "must show an extremely high degree of similarity between themselves and those comparators."); *Norton v. Autoridad de Acueductos y Alcantarillados*, 898 F. Supp. 2d 396, 405–06 (D.P.R. 2012) ("To determine whether two or more entities are similarly situated, it is generally asked whether a prudent person, looking objectively at the incidents, would think them roughly equivalent and the protagonists similarly situated.") (internal quotations omitted).

Fifth, Goodson objects to the dismissal of his Title VI claim on the basis that he plausibly attributes the alleged discrimination to supervisory officials or the OCA. He further argues that he has shown such intentional discrimination through the usage of the term “gringo” by an unidentified court employee and the more accommodating treatment he received at the Aibonito CFI. (**ECF No. 220 at 21–23**). Goodson concedes that the Title VI claims fail against the officers in their individual capacities and that his only potential claim is against the court system via the individual officers sued in their official capacity. He also concedes that he cannot advance claims under Title VI absent a showing of intentional discrimination. *Id*.

Sixth, Goodson disagrees with the R&R’s conclusion that he failed to plausibly allege conspiratorial activity sufficient to state a claim under 42 U.S.C. Sections 1985(3) and 1986. (**ECF No. 220 at 23–25**).

Seventh, Goodson objects to the R&R’s conclusion that leave to file a fifth amended complaint be denied for futility. He argues that he was not aware that his evidence-removal allegations would be analyzed under the Rule 9(b) standard, that the proposed amendment would cure the identified deficiencies, that the amendment would not be futile as to proposed additional judicial officers, that the prior amendments should not influence the analysis, and that the evidence needed to prove his claims is held by the COA. (**ECF No. 220 at 26–27**).

Finally, Goodson addresses the R&R’s recommendation to dismiss state law claims against Hernández-Escobar and Villamil-Ocampo. Although he does not object to the R&R “insofar as [the claims] rest solely on a duty of care to an adverse party,” he seeks to preserve his argument that his claims under the Puerto Rico Languages Act and Rules of

Conduct do not require such a duty and preserve his right to pursue claims against them under 42 U.S.C. Section 1983. (**ECF No. 220 at 27–28**).

## VI. Conclusion

Upon an independent, de novo review of the entire record in this case and applicable legal framework, the Court finds that the Report and Recommendation considers all relevant facts, addresses the principal issues and reaches legal conclusions that are sound and supported by case law and legal precedent. Because the Report and Recommendation is legally well-grounded, and consistent with applicable law, there is no need to rewrite an opinion. *Tax-Free Fixed Income Fund for Puerto Rico Residents, Inc. v. Ocean Capital LLC*, 2023 WL 5830381 (D.P.R. Sept. 8, 2023), *aff'd,* 137 F.4th 6 (1st Cir. 2025).

Accordingly, the Court **OVERRULES** Goodson's objections at ECF No. 220 and **ADOPTS IN FULL** Report and Recommendation at ECF No. 211. The Motions to Dismiss at ECF Nos. 102, 172, and 192 are **GRANTED**. Goodson's Motion for Preliminary Injunction at ECF No. 138 is **DENIED**. The Motion for Leave to File an Amended Complaint at ECF No. 150 is **DENIED**. This case is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 30th day of September 2026.

***/s/* María Antongiorgi-Jordán**
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**